IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CADERO KING,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,[1] Commissioner of the Social Security Administration,<br><br>　　　　　　　Defendant. | 8:18-CV-585<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the denial, initially and upon reconsideration, of plaintiff Cadero King's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. and supplemental social security income benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq*.[2] The Court has considered the parties' filings and the administrative record. The Court finds that the record supports the Commissioner's decision to deny benefits, and will affirm that decision.

BACKGROUND

King applied for disability insurance benefits on November 30, 2017. T197, T204. His claims were based on anxiety, chronic headaches, chronic back pain, and chronic neck pain. T57, T76. Those claims were denied initially on March 6, 2018, and upon reconsideration on April 18. T137-44,

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration and will be automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2] King protectively applied for both Title II and Title XVI benefits. T197, T204. Although his complaint lists only his Title II claim, filing 1 at 2, the Court assumes he meant to appeal from the denial of both his Title II and Title XVI claims.

1

T148-55. King appealed and requested a hearing from a Social Security judge. T157. The Social Security judge held a hearing on September 20. T26.

In his October 17, 2018 decision, the Social Security judge noted that King had previously applied for benefits in 2012, 2015, and 2016, and been denied, T11. But King had alleged an onset date in his 2017 application of October 1, 2012—so, the Social Security judge inferred, King was impliedly asking to reopen his prior applications. T11. The Social Security judge found no basis to reopen any of King's prior applications, however. *See Efinchuk v. Astrue*, 480 F.3d 846, 848 (8th Cir. 2007). So the Social Security judge considered whether King was disabled as of March 8, 2017—the day following his previous denial—but found that King wasn't disabled as defined in the Social Security Act, and therefore wasn't entitled to benefits. T8-25.

## SEQUENTIAL ANALYSIS

Disability, for purposes of the Social Security Act, is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i) & 423(d).

To determine whether a claimant is entitled to disability benefits, the Social Security judge performs a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). At step one, the claimant has the burden to establish that he hasn't engaged in substantial gainful activity since his alleged disability onset date. *Cuthrell v. Astrue*, 702 F.3d 1114, 1116 (8th Cir. 2013). If the claimant has engaged in substantial gainful activity, he will be found not to be disabled; otherwise, at step two, he has the burden to prove he has a medically determinable physical or mental impairment or combination of

2

impairments that significantly limits his physical or mental ability to perform basic work activities. *Id.*

At step three, if the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, he is automatically found disabled and is entitled to benefits. *Id.* Otherwise, the analysis proceeds to step four. But first, the Social Security judge must determine the claimant's residual functional capacity, which is used at steps four and five. 20 C.F.R. § 404.1520(a)(4). A claimant's residual functional capacity is what he can do despite the limitations caused by any mental or physical impairments. *Toland v. Colvin,* 761 F.3d 931, 935 (8th Cir. 2014). At step four, the claimant has the burden to prove he lacks the residual functional capacity to perform his past relevant work. *Cuthrell*, 702 F.3d at 1116. If the claimant can still do his past relevant work, he will be found not to be disabled; otherwise, at step five, the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education, and work experience, that there are other jobs in the national economy the claimant can perform. *Id.*; *Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010).

THE SOCIAL SECURITY JUDGE'S FINDINGS

At step one, the Social Security judge found that King hadn't engaged in substantial gainful activity since the disability date of March 8, 2017. T14. At step two, the Social Security judge found that King had three severe impairments: anxiety, depression, and schizophrenia. T14. But at step three, the Social Security judge found that King's impairments didn't meet or equal a presumptively disabling impairment. T14-16. So, the Social Security judge determined King's residual functional capacity as follows:

> The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is unable to work with the general public. He can get along appropriately with coworkers and supervisors under normal supervision. He can understand, remember, and carry out short and simple instructions. He cannot perform work around more than 10 people. He is able to maintain attention and concentration for extended periods for doing simple work. He is capable of handling his own finances. He can perform activities within a schedule, maintaining regular attendance and punctuality. He can maintain an ordinary routine without special supervision. He is able to respond appropriately to changes in work setting and be aware of normal hazards and take appropriate precautions.

T17. Based on that residual functional capacity, at step four, the Social Security judge found that King couldn't perform his past relevant work. T19. But the Social Security judge found that King was able to perform jobs that exist in significant numbers in the national economy. T20. Accordingly, the Social Security judge found that King wasn't under a disability as defined in the Social Security Act. T21.

On December 11, 2018, the Appeals Council of the Social Security Administration denied King's request for review. T1. King's complaint (filing 1) seeks review of the Social Security judge's decision as the final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court reviews a denial of benefits by the Commissioner to determine whether the denial is supported by substantial evidence on the record as a whole. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011) (citing 42 U.S.C. § 405(g)). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion. *Id*. The Court must consider evidence that both supports and detracts from the Social Security judge's decision, and won't reverse an administrative decision simply because some evidence may support the opposite conclusion. *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011). If, after reviewing the record, the Court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Social Security judge's findings, the Court must affirm the Social Security judge's decision. *Id*.

## DISCUSSION

King's argument is mostly focused on what he claims are the ongoing effects of a January 2011 car accident.[3] *See* filing 16. Summarized, he describes the accident as having caused a "broken neck that was not fixed, as well as a concussion that lingered on for many years." Filing 19 at 3; *see* filing 12 at 6. But he also refers to a "diagnosis of a concussion of what occurred in 2008 from excessive working" which was exacerbated by the January 2011 car accident. Filing 12 at 3. He contends that he's never recovered from the head injury he says he sustained in 2011, and has provided a narrative of

---

[3] King has filed a number of documents with the Court. *See* filing 1; filing 12; filing 16; filing 19; filing 20. The Court has considered all of King's filings together in evaluating his arguments. *Cf.* NECivR 15.1(b).

5

events since 2011 to support his claim. *See* filing 12 at 5-20; filing 16 at 2-8. His injuries have, he says, rendered him incapable of ordinary activities such as cooking or watching movies, because ordinary tasks cause him head and neck pain. *See* filing 12 at 20, 22.

The fundamental problem with King's argument is that it's not supported by medical evidence. A Social Security judge determines a claimant's residual functional capacity based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations. *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). But because a claimant's residual functional capacity is a medical question, a Social Security judge's assessment *must be supported by some medical evidence* of the claimant's ability to function in the workplace. *Id.*

And here, the Social Security judge found that although King had reported chronic headaches, back pain, neck pain, and nerve damage, "the record is devoid of objective medical evidence to establish these alleged symptoms and impairments as medically determinable impairments." T14. That finding is supported by the Court's own examination of the evidence. Each of the medical experts who evaluated King's physical condition found that his condition was not disabling. Specifically, Antoinette Tribulato, M.D., examined King in February 2018 and opined that he had "no significant limitations with sitting, standing, walking, lifting, bending, twisting, carrying, climbing, or crawling" and "no apparent difficulty handling objects, hearing, or speaking." T400-05. Similarly, each of the state medical consultants found no objective physical health issues. T67, T105. The Social Security judge did not err in relying on those opinions, and they support his findings. *See Perkins*, 648 F.3d at 897.

6

The record is more substantial regarding King's psychiatric conditions. Loosely characterized, it appears that several medical professionals who examined King suspected that his claimed physical ailments were actually manifestations of mental illness. For instance, Tribulato recommended that King be evaluated for mental impairment, and opined that his primary difficulty or disability would be psychiatric, most likely a schizoaffective disorder. T405. Elizabeth Morell, Ph.D., examined King and diagnosed a generalized anxiety disorder and unspecified depressive and psychotic disorders. T396. But she found King was able to sustain concentration and attention, and understand and remember short and simple instructions, although he would likely struggle to relate appropriately with others. T396. And records from Lutheran Family Services, where King had sought mental health treatment, also suggested a generalized anxiety disorder and a number of other provisional diagnoses, none of which appear to have been confirmed or ruled out. *See* T374-92. Nothing in those records identifies limitations on King's ability to work, and his treating nurse practitioner even urged him to pursue part-time employment. T368.

"In the typical Social Security disability case, the administrative record includes one or more opinions by the claimant's treating physician(s) as to the impact of impairments on his [residual functional capacity]." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). But "in the absence of medical opinion evidence, medical records prepared by the most relevant treating physicians can provide affirmative medical evidence supporting the [Social Security judge]'s residual functional capacity findings." *Id.* (cleaned up). And in this case, those records support the Social Security judge's findings regarding King's residual functional capacity.

King takes issue with the examinations of his mental health, apparently suggesting that they were insufficient because the examiners did not observe him trying to work. Filing 19 at 8. He even seems to suggest that they did so on purpose in order to avoid discovering he is disabled. Filing 19 at 8; *see* filing 19 at 13-14. But there's nothing to indicate that the examiners acted in anything other than good faith, and it's noteworthy that their diagnoses seem to align with those of King's treating providers. King also suggests that the examiners and even the Social Security judge seemed to be preoccupied with issues King considers irrelevant. Filing 20 at 2. But it appears to the Court that the problem was not with the examiners or the Social Security judge—rather, it appears the problem is that King misunderstands the issues in a Social Security disability proceeding and what evidence is relevant to prove a disability claim. On the issues and record here, there is substantial evidence to support the Social Security judge's decision.

## CONCLUSION

The Court doesn't doubt that King suffers from some sort of illness. But the *evidence* doesn't prove that his condition is disabling—and his efforts to represent himself didn't help, because it appears from the record and King's filings that he misunderstood the issues in these proceedings, and misunderstood the kind of evidence he needs in order to prove his claims. There are resources available to people applying for Social Security benefits, including experienced representatives who could help King generate the sort of record that might prove a disability. King is strongly encouraged to seek out such assistance before applying for benefits again. But in the meantime, the evidence that is before the Court supports the Commissioner's decision to deny benefits. Accordingly, the Commissioner's decision will be affirmed.

IT IS ORDERED:

1. The Clerk of the Court is directed to substitute Commissioner of Social Security Andrew M. Saul as the defendant.

2. The Commissioner's decision is affirmed.

3. The plaintiff's complaint is dismissed.

4. The parties shall bear their own costs.

5. A separate judgment will be entered.

Dated this 21st day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

9